CAROLINE LOBDELL (ORBN 021236)
WESTERN RESOURCES LEGAL CENTER
9220 SW Barbur Blvd., Suite 119-327
Portland, Oregon 97219
Telephone: (503) 768-8500
clobdell@wrlegal.org

CHRISTOPHER J. CARR (CABN 184076), *pro hac vice forthcoming*
Chris.Carr@BakerBotts.com
NAVI SINGH DHILLON (CABN 279537), *pro hac vice forthcoming*
Navi.Dhillon@BakerBotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200

Attorneys for Plaintiff
WESTERN RESOURCES LEGAL CENTER

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| WESTERN RESOURCES LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION and NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Western Resources Legal Center (Plaintiff), a non-profit legal education organization associated with the Lewis & Clark Law School, brings this Freedom of Information Act (FOIA) action against Defendants National Oceanic and Atmospheric Administration (NOAA) and National Marine Fisheries Service (NMFS) (together, the Government), and alleges as follows:

## **CONTROVERSY**

1. This action concerns the Government's publication of a technical guidance document relating to impacts to marine mammals resulting from sound sources (Technical Guidance). It will directly impact activities on public lands off the nation's coasts.

2. The Technical Guidance constitutes a "highly influential scientific assessment," also known as a HISA. To qualify as a HISA, the scientific assessment must either potentially result in impacts of more than $500 million or present novel, controversial, or precedent-setting issues. The Government has recognized that a HISA is a "big deal." The Technical Guidance is the only HISA prepared by the Government since 2012.

3. The Technical Guidance provides thresholds for temporary and permanent impacts to marine mammal hearing for all underwater sound sources. It is intended to be used by the Government, other federal agencies, and other relevant user groups/stakeholders to better predict how a marine mammal's hearing will respond to sound exposure. The Technical Guidance also identifies management techniques and monitoring strategies the Government will use to assess the effects of underwater anthropogenic sound on marine mammals.

4. The Government made numerous changes to the Technical Guidance and released several draft versions from initial proposal to final publication in July 2016. Many of the changes found in the final, July 2016 version are not adequately explained or justified, and in some cases, contradict information and conclusions in previous drafts. Plaintiff's FOIA request seeks documents, communications, and other records not made available to the public during public review of the Technical Guidance.

5. Plaintiff seeks to use the requested records to raise public awareness about this controversial issue, educate law students about regulatory processes, and challenge the legality of the Government's actions in a potential future proceeding.

6. Plaintiff asked the Government to produce all requested records ***994 days ago***. Plaintiff is still waiting. Notably, the Government states that the average time it takes to complete a response to a FOIA request is ***89 days***. Given the years-long delay, upon information and belief the Government seeks to hide records from the public about the controversial Technical Guidance.

7. Plaintiff asks that the Court issue an order directing the Government to promptly produce all requested records in accordance with FOIA.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 5 U.S.C. section 552(a)(4)(B) and 28 U.S.C. section 1331.

9. Venue is proper in this Court under 5 U.S.C. section 552(a)(4)(B) and 28 U.S.C. section 117, because Plaintiff's principal place of business is located in Portland Oregon.

10. Assignment to the Portland Division is proper pursuant to LR 3-2(b) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in Multnomah County.

**PARTIES**

11. Plaintiff is a non-profit legal education organization recognized by the Internal Revenue Service as tax exempt under 26 U.S.C. section 501(c)(3). It is associated with the Lewis & Clark Law School located in Portland, Oregon. Plaintiff's mission is to provide "law students an opportunity to develop practical legal skills and specific knowledge of natural resources and environmental laws by assisting with the legal representation of farmers, ranchers, miners, foresters, resource developers and other natural resource dependent entities." Through Plaintiff's efforts, "[s]tudents gain an understanding of the litigation process and how laws impact the day to day operations of natural resource dependent businesses. Students also experience a more

profound educational experience by personally observing how laws and litigation impact businesses, the economy, and local communities."

12. Defendant NOAA is a federal agency within the meaning of FOIA. 5 U.S.C. § 552(f)(1). It is an executive agency within the United States Department of Commerce responsible for protecting and managing much of this country's marine wildlife and its habitat. Plaintiff submitted the FOIA request underlying this Complaint to NMFS, a division of NOAA. NOAA is in possession and control of records that Plaintiff seeks and is, therefore, subject to FOIA pursuant to 5 U.S.C. section 552(f).

13. Defendant NMFS is a federal agency within the meaning of FOIA. 5 U.S.C. § 552(f)(1). NMFS is an executive agency within NOAA responsible for the stewardship of national marine resources. Plaintiff submitted the FOIA request underlying this Complaint to NMFS. NMFS is in possession and control of records that Plaintiff seeks and is, therefore, subject to FOIA pursuant to 5 U.S.C. section 552(a).

## THE FREEDOM OF INFORMATION ACT

14. Congress enacted FOIA to protect the American people's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotations omitted). FOIA's basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Nat'l Labor Relations Bd. v. Robbins Tires & Rubber Co.*, 437 U.S. 214, 242 (1978). To this end, FOIA allows access to government information "long shielded unnecessarily from public view" and vindicates the public's right to "secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

15. FOIA imposes strict deadlines on federal agencies once they receive a request for records. Specifically, within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and must immediately notify the requester of its determination and the reasons therefore. 5 U.S.C. § 552(a)(6)(A)(i).

16. Such agency determinations must indicate the scope of the documents that the agency will produce and the exemptions it will claim with respect to any withheld documents. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013). An adverse determination must inform the requester of its right to appeal the agency's determination. *Id.*

17. An agency may extend this 20-day period only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of 10 working days. 5 U.S.C. § 552(a)(6)(B)(i); 15 C.F.R. § 4.6(d).

18. Upon receipt of a request, the Government's FOIA regulations require the agency to send acknowledgment of the request to the requester. 15 C.F.R. § 4.7(a). The agency must also provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

19. The agency must then make the requested records "promptly" available unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly-defined FOIA exemptions listed in section 552(b). 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i). In doing so, it must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D); 15 C.F.R. § 4.3(b). Promptly "typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Washington v. Federal Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

20. If an agency withholds responsive records, in whole or in part, the burden is on the agency to prove that an exemption applies and that this interest outweighs FOIA's policy of disclosure. *See, e.g.*, 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

21. Whenever an agency determines that a portion of a record should be withheld under one of FOIA's exemptions, the agency must still release to the public any portions of that record that contain "reasonably segregable" non-exempt information. 5 U.S.C. §§ 552(a)(9), (b).

22. If a request involves voluminous records or requires searches in multiple locations, the Government's FOIA regulations provide that the agency, to the extent feasible, must provide the requester with interim responses. 15 C.F.R. § 4.7(b). "An interim response is not a determination and appeal rights need not be provided." *Id*.

23. The Government's FOIA regulations provide for a tracked response process that distinguishes "simple" and "complex" requests based on the estimated amount of work and/or time needed to process the request. 15 C.F.R. § 4.6(e). The multi-track processing system does not alter FOIA's statutory deadline for an agency to determine whether to comply with the FOIA request. An agency must make a determination whether to comply with the request and notify the requester accordingly, within the mandatory deadlines described above.

24. If the agency fails to make a determination within the statutory time period, the requester may immediately commence litigation in district court to compel an adequate response from the agency and is deemed to have exhausted its administrative remedies. 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i).

25. The Government's FOIA regulations provide for an administrative appeal process only where the Government has made an adverse determination or has not made an initial determination in a timely manner. 15 C.F.R. § 4.10. Adverse determinations include the agency's initial denial of a request in whole or in part, or an adverse determination regarding the release of records. 15 C.F.R. §§ 4.7(c)(2). Where the Government fails and/or refuses to complete its response, the requester may commence litigation in district court to compel an adequate response from the agency.

26. The United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

27. On October 28, 2016, Plaintiff submitted a FOIA request to the Government seeking the following 10 categories of records related to the Technical Guidance:

- Information not cited in the final version of the Technical Guidance or released to the public that NMFS relied upon in the Technical Guidance, including scientific documents, studies, and reports.

- Technical tools and modeling scenarios not released to the public that NMFS relied upon when making changes to previous drafts of the Technical Guidance that will provide the public with a better understanding of the justification for the changes and allow the public to adequately assess them.

- Information regarding (a) NMFS' plans for peer-review of the changes found in the most recent version of the Technical Guidance, (b) how NMFS plans to use and implement the Technical Guidance, (c) circumstances under which NMFS can or cannot deviate from the Technical Guidance, and (d) how NMFS will assess applicants' proposed deviations from the Technical Guidance.

- Documents, records, or correspondence regarding NMFS' proposal to rely on a 20 dB/decade LF cetacean curve.

- Documents, records, or correspondence regarding NMFS' "Alternative Methodology" (included as Appendix E in the July 2016 version of the Technical Guidance).

- Correspondence concerning the Technical Guidance sent or received by the following NMFS staff:

  \*\*\*

- Correspondence concerning the Technical Guidance sent to or received from Michael Jasny (Director, Marine Mammal Protection Project, Land & Wildlife Program, Natural Resources Defense Council).

- Correspondence concerning the Technical Guidance sent to or received from Brandon Southall of Southall Environmental Associates, Inc. (brandon.southall@sea-inc.net).

- Correspondence concerning the Technical Guidance sent to or received from former NMFS employee, Roger Gentry (roger.gentry@comcast.net).

- Correspondence concerning the Technical Guidance between NMFS staff and experts within the U.S. Navy, including James Finneran, Danielle Bounantony, Frank Stone, and Karen Foskey.

28. On December 19, 2016, the Government acknowledged receipt of Plaintiff's FOIA request, assigned it FOIA tracking number DOC-NOAA-2017-00304, and exercised its right pursuant to 15 C.F.R. section 4.6(d)(2) to extend the agency's FOIA response deadline by 10

business days. The Government estimated that its response would be complete by January 27, 2017.

29. On March 3, 2017, at the Government's request, Plaintiff modified the scope of its FOIA request as follows: (i) agreed that records sought are in the period from July 2015 to July 2016, and (ii) agreed to receive responsive records in interim releases due to the fact the Government must confer with other federal agencies and the volume of records.

30. On March 24, 2017, the Government provided Plaintiff with links to publicly available information regarding the subject matter of the FOIA request.

31. On March 30, 2017, the Government made its "first interim response," consisting of 460 records released in their entirety.

32. On September 27, 2017, the Government made its "second interim response," consisting of 764 records released in their entirety.

33. On January 9, 2018, the Government made its "third interim response," consisting of 249 records released in their entirety.

34. On March 3, 2018, the Government made its "fourth interim response," consisting of 67 records. 56 records were released in their entirety, and 11 records were released in part under 5 U.S.C. section 552(b)(6), which protects personal and medical files about individuals when the disclosure of such information would constitute an unwarranted invasion of personal privacy.

35. On April 9, 2018, the Government made its "fifth interim response," consisting of 146 records released in their entirety.

36. On June 18, 2018, the Government made its "sixth interim response," consisting of 22 records. Four records were released in their entirety, 17 records were partially released pursuant to 5 U.S.C. section 552(b)(5), which exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the Government, and one record was partially released pursuant to 5 U.S.C. section 552(b)(6).

37. Each interim response states:

> We continue to process your request and consult with other agencies for disclosure determinations for additional responsive records. Although we do not consider this to be a denial of your request, you have the right to file an administrative appeal if you are not satisfied with our response to your FOIA request.

38. Plaintiff has not received any additional records from the Government since the sixth interim release in June 2018.

39. On September 24, 2018, Plaintiff sent the Government an excel spreadsheet specifying numerous records that Plaintiff believes are outstanding. Plaintiff has repeatedly tried to obtain all requested records informally. For example, in early October 2018, Plaintiff contacted the Government by phone and left a voice mail. The Government did not respond. Plaintiff then sent a follow-up email on October 15, 2018. On October 16, 2018, the Government acknowledged receipt of Plaintiff's spreadsheet and indicated that it was working to locate the records. To date, the Government has not produced any of the outstanding records despite several follow-up e-mails from Plaintiff.

40. Historically, because the Government responds to requests in "chronological order, based on when the FOIA request was received," the Government has published a log of the FOIA requests it has received. 15 C.F.R. § 4.5(d). However, Since Plaintiff submitted its request, the Government has stopped providing this service.

41. The Government stated that its response would be complete by January 27, 2017, but almost 2.5 years later, the Government still has not completed its response or produced all responsive records. The Government's FOIA violations have harmed and continue to harm Plaintiff by preventing Plaintiff from gaining and communicating a full understanding of the Government's decision to modify the Technical Guidance and the agency's management and monitoring of anthropogenic sound. The relief requested below will redress these injuries.

⋮  ⋮  ⋮

### FIRST CLAIM

#### Violation of the Freedom of Information Act
#### Failure to Promptly Produce Records, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)
#### (Against the Government)

42.   Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

43.   Plaintiff properly requested public records within the Government's control and the Government has wrongfully withheld the requested records from Plaintiff.

44.   After deciding to disclose responsive records in response to a FOIA request, FOIA requires the Government to promptly provide responsive records, or any reasonably segregable portions of responsive records, not subject to specified FOIA exemptions.  In doing so, the Government must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request.

45.   The Government violated FOIA by failing to promptly produce all public records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to Plaintiff's FOIA request.

46.   The Government also failed to comply with its own estimated date of completion or complete its response to Plaintiff's FOIA request.

47.   Plaintiff has exhausted, or is lawfully excused from exhausting, any applicable administrative remedies.

48.   Plaintiff is entitled to obtain the requested records immediately at no cost to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment against the Government and order that:

1. The Government violated FOIA by failing to timely produce all requested records;

2. The Government shall conduct a reasonable search for all responsive records and promptly produce them and bear the costs of doing so;

3. The Government shall promptly produce a log of any withheld records;

    4.    Award Plaintiff its reasonably incurred fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

    5.    Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 19, 2019           WESTERN RESOURCES LEGAL CENTER

/s/ Caroline Lobdell
CAROLINE LOBDELL (ORBN 021236)
Attorney for Plaintiff
WESTERN RESOURCES LEGAL CENTER

- 11 -
COMPLAINT